UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Carlos DOMINGUEZ-Ruiz,<br><br>Defendant | Magistrate Docket No.<br><br>**'08 MJ 0714**<br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **March 5, 2008** within the Southern District of California, defendant, **Carlos DOMINGUEZ-Ruiz**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **6**th DAY OF **MARCH 2008**

Cathy A. Bencivengo
UNITED STATES MAGISTRATE JUDGE



**CONTINUATION OF COMPLAINT:**
**Carlos DOMINGUEZ-Ruiz**

## PROBABLE CAUSE STATEMENT

On March 5, 2008, Border Patrol Agent I. Quinones, was performing line watch duties in an area known as Whiskey 15." This area is approximately 5 miles west of the San Ysidro, California, Port of Entry and is approximately 200 yards north of the United States / Mexico International Boundary Fence.

At approximately 11:45 A.M., west scope advised Agent Quinones via service radio, that they observed two individuals walking north on the beach. Agent Quinones responded to the reported location and observed two individuals walking north on the beach. Agent Quinones identified herself as United States Border Patrol Agent and questioned both individuals as to their citizenship and nationality. Both individuals, including one later identified as the defendant **Carlos DOMINGUEZ-Ruiz**, admitted to being citizens and nationals of Mexico without any immigration documentation permitting them to be in or remain in the United States legally. At approximately 12:00 P.M. Both individuals were arrested and transported to Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **December 18, 2007** through **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant admitted that he is a citizen and national of Mexico illegally present in the United States. The defendant further admitted that he had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally